**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**Steven Rush,**
**Plaintiff,**

**V**

**Ryan Cavanaugh, in his individual capacity**
**and University of Michigan,**
**Defendants,**
______________________________________/

**KENNETH D. FINEGOOD P36170**
KENNETH D. FINEGOOD, P.L.C.
Attorney for Plaintiff
29566 Northwestern Hwy, Suite 120
Southfield, MI 48034
248-351-0608

---

## COMPLAINT AND JURY DEMAND

**NOW COMES**, plaintiff, Steven Rush, by and through his attorney, Kenneth D. Finegood, P.L.C. and for his complaint states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth Amendment of the Constitution of the United States.

2. Jurisdiction of this Court is based upon 28 U.S.C. §1331 (federal question) and §1343 (civil rights)

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 as the defendants reside in the Eastern District of Michigan, and this district is where the claim arose.

4. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars.

## GENERAL ALLEGATIONS

5. That plaintiff, Steven Rush is a resident of the city of Westland, Michigan.

6. That defendant, Ryan Cavanaugh is an employee of the University of Michigan Department of Public Safety who resides upon information and belief, in the eastern district of Michigan, and is employed as a Public Safety Officer on the date of this occurrence.

7. That defendant, Ryan Cavanaugh was acting within the scope of his employment as a police officer of defendant, University of Michigan and under color of law and clothed with the authority granted him as a Public Safety Officer.

8. That defendant, University of Michigan is a state university of the State of Michigan with its principal place of business in Ann Arbor, which organized, operates, staffs and supervises the University of Michigan Department of Public Safety.

9. That on August 26, 2007 in the city of Ann Arbor, Washtenaw County, Michigan, plaintiff, Steven Rush was a passenger in a vehicle that was detained in a routine traffic stop.

10. That although plaintiff Steven Rush submitted to police authority prior to the use of force against him, defendant Ryan Cavanaugh accosted and brutally attacked plaintiff striking him with a baton and then punching plaintiff in the head and ear, while handcuffed, sustaining injuries as more particularly set forth below.

11. That defendant’s conduct under the facts of this case are not subject to qualified immunity or other immunities granted by law.

12 As a result of the actions of defendant, plaintiff suffered injuries including, but not limited to: laceration and hematoma to the ear resulting in emergency surgery, including excruciating pain and suffering, shock, humiliation, embarrassment, fright, anxiety, mental anguish and medical expense.

13. As a direct and proximate result of the actions of defendant and injuries sustained, plaintiff has suffered the loss of enjoyment of life and is unable to attend to his normal activities of daily living and recreational activities, including substantial medical expense and loss of earnings.

**COUNT I**

**GROSS NEGLIGENCE**

Plaintiff incorporates the foregoing allegations of paragraphs as though fully set forth below.

14. At all times pertinent hereto, defendant Ryan Cavanaugh owed duties to plaintiff including, but not limited to, the duty:

a. To treat plaintiff with respect and dignity as may be consistent with his security, and legitimate law enforcement activity.

b. To avoid deprivation of plaintiff's rights, privileges or immunities secured by the Constitutions and laws of the United States and the State of Michigan without due process of law;

c. To avoid foreseeable injury to plaintiff, while investigating or pursuing legitimate police activity.

15. Defendant breached the duties owed, such that defendant's conduct constituted gross negligence, amounting to a willful and/or wanton disregard for whether injury would occur to plaintiff, and with malice toward plaintiff by falsely denying the use of force as the cause of plaintiff's injuries in the police report and by falsely claiming that plaintiff discarded an unknown object as a pretext to accost plaintiff although no contraband was ever discovered.

16. That defendant's conduct under the facts of this case are not subject to qualified immunity or other immunities granted by law.

17. As a result of the actions of defendant, plaintiff suffered injuries including, but not limited to: laceration and hematoma to the ear resulting in emergency surgery, excruciating pain and suffering, shock, humiliation, embarrassment, fright, anxiety, mental anguish, medical expense.

18. As a direct and proximate result of the actions of defendant and injuries sustained, plaintiff has suffered the loss of enjoyment of life and is unable to attend to his normal activities of daily living and recreational activities, including substantial medical expense, attendant care and loss of earnings.

WHEREFORE, plaintiff requests this Court award fair and just compensation against all defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including punitive damages/exemplary damages, together with costs, interest and attorney fees deemed fair, equitable and just by the trier of fact.

## COUNT II

## CIVIL RIGHTS VIOLATION

19. Plaintiff incorporates the allegations of Count I, as though fully set forth below.

20. That defendant officer's conduct was unreasonable under the totality of circumstances constituting excessive force which amounted to an abuse of lawful authority under color of law in violation of 42 USC §1983 and the Fourth Amendment to the Constitution of the United States and constituted gross negligence, as more fully set forth herein.

21. That defendant, University of Michigan through its Department of Public Safety has a policy or practice of engaging in the systematic deprivation of civil rights of citizens by, among other things, assaulting law abiding citizens through the use of excessive force unwarranted under the circumstances in violation of established liberty interests of citizens and ratifying the

wrongful conduct of its officers through a systematic failure to investigate and discipline officers engaged in the use of excessive force.

22. That the policy of defendant municipality was the moving force behind the violation of plaintiff's rights, under the facts of this case.

23. As a result of defendants' actions, plaintiff suffered injuries including, but not limited to, laceration and hematoma to the ear resulting in emergency surgery, excruciating pain and suffering, shock, humiliation, embarrassment, fright, anxiety and mental anguish.

24. As a direct and proximate result of the actions of defendant and the injuries sustained, plaintiff has suffered the loss of enjoyment of life and an inability to attend to his normal activities of daily living and recreational activities, including substantial medical expense.

WHEREFORE, plaintiff, Steven Rush requests this Court award fair and just compensation against defendants, individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, together with costs, interest and attorney fees deemed fair, equitable and just by the trier of fact.

Respectfully submitted,

**LAW OFFICE OF KENNETH D. FINEGOOD, P.L.C.,**

S/ Kenneth D. Finegood
KENNETH D. FINEGOOD P36170
Attorney for Plaintiff

Dated: August 26, 2010

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, Steven Rush, by and through his attorney, **KENNETH D. FINEGOOD, P.L.C.**, and hereby demands a trial by jury of each and every issue in connection with the above entitled cause.

Respectfully submitted,

**LAW OFFICE OF KENNETH D. FINEGOOD, P.L.C.,**

S/ Kenneth D. Finegood
KENNETH D. FINEGOOD P36170
Attorney for Plaintiff

Dated: August 26, 2010