UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN RUSH,

Plaintiff,

Case No.: 10-cv-13427 JF MKM

vs

Hon. John Feikens

RYAN CAVANAUGH, in his individual capacity
And UNIVERSITY OF MICHIGAN,

Defendants.
_____________________________________________/

KENNETH D, FINEGOOD P36170
KENNETH D. FINEGOOD, P.L.C.
Attorney for Plaintiff
29566 Northwestern Hwy., Suite 120
Southfield, MI 48034
(248) 351-0608
kdfesq44@aol.com

DEBRA A. KOWICH P43346
Office of the Vice-President & general Counsel
UNIVERSITY OF MICHIGAN
503 Thompson Street, Room 5010
Ann Arbor, MI 48109-1340
(734) 764-0304
dkowich@umich.edu
_____________________________________________/

**DEFENDANTS RYAN CAVANAUGH AND**
**REGENTS OF THE UNIVERSITY OF MICHIGAN'S ANSWER TO COMPLAINT AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLAIMS**

NOW COMES Defendants Ryan Cavanaugh ("Officer Cavanaugh") and the Regents of the University of Michigan ("the University), by and through their attorneys, OFFICE OF THE VICE PRESIDENT AND GENERAL COUNSEL, and for their answer to Plaintiff's complaint, states:

1. Defendants neither admit nor deny the allegations at paragraph 1 of Plaintiff's complaint, as such allegations assert a subjective legal interpretation, not well-pled fact and, as such, no response is required.

2. Defendants neither admit nor deny the allegations at paragraph 2 of Plaintiff's complaint, as such allegations assert a subjective legal interpretation, not well-pled fact and, as such, no response is required.

3. Defendants neither admit nor deny the allegations at paragraph 3 of Plaintiff's complaint, as such allegations assert a subjective legal interpretation, not well-pled fact and, as such, no response is required.

4. Defendants neither admit nor deny the allegations at paragraph 4 of Plaintiff's complaint as such allegations assert a subjective, unfounded statement of the value of this case, not a well-pled fact, and, as such, no response is required.

5. Defendants neither admit nor deny the allegations at paragraph 5 of Plaintiff's complaint as they lack knowledge or information sufficient to form a belief as to the truth of such allegations.

6. Defendants admit the allegations at paragraph 6 of Plaintiff's complaint and further state that on the date in question, Officer Cavanaugh's title was Police Officer.

7. Defendants neither admit nor deny the allegations at paragraph 7 of Plaintiff's complaint, as such allegations assert a subjective legal interpretation, not well-pled fact and, as such, no response is required.

8. In response to paragraph 8 of Plaintiff's complaint, Defendants state that the University is a Michigan constitutional corporation and public institution of higher

education with its principal campus located in Ann Arbor, Michigan. Defendants admit the remaining allegations of paragraph 8.

9. Defendants admit the allegations at paragraph 9 of Plaintiff's complaint.

10. Defendants deny that Plaintiff submitted to police authority prior to Officer Cavanaugh's use of force against him and further deny as untrue the remaining allegations at paragraph 10 of Plaintiff's complaint.

11. Defendants deny the allegations at paragraph 11 of Plaintiff's complaint and specifically state that they are entitled to sovereign immunity, governmental immunity, qualified immunity and/or other immunities granted by law, from Plaintiff's claims.

12. Defendants neither admit nor deny the injuries alleged by Plaintiff at paragraph 12, but specifically deny that any such injuries are or were the result of the actions of Defendants.

13. Defendants deny as untrue the allegations at paragraph 13 of Plaintiff's complaint.

14. In response to paragraph 14, Defendants state that at all times relevant hereto, Officer Cavanaugh observed and acted in accordance with any and all duties he may have owed Plaintiff pursuant to applicable law.

15. Defendants deny as untrue the allegations at paragraph 15 of Plaintiff's complaint and specifically deny that they falsely claimed that Plaintiff discarded an item while fleeing from Officer Cavanaugh. Defendants further state that the discarded item is not unknown, as a stolen and illegally possessed firearm was recovered where Plaintiff attempted to flee from Officer Cavanaugh.

16. Defendants deny as untrue the allegations at paragraph 16 of Plaintiff's complaint.

17. Defendants neither admit nor deny the injuries alleged by Plaintiff at paragraph 17, but specifically deny that any such injuries are or were the result of the actions of Defendants.

18. Defendants deny as untrue the allegations at paragraph 18 of Plaintiff's complaint.

19. Defendants repeat and reallege their responses to paragraphs 1 through 18 as if set forth fully herein.

20. Defendants deny as untrue the allegations at paragraph 20 of Plaintiff's complaint.

21. Defendants deny as untrue the allegations at paragraph 21 of Plaintiff's complaint.

22. Defendants specifically deny that the University is a municipality and deny that they violated Plaintiff's rights. Defendants also deny as untrue the remaining allegations of paragraph 22 of Plaintiff's complaint.

23. Defendants neither admit nor deny the injuries alleged by Plaintiff at paragraph 23, but specifically deny that any such injuries are or were the result of the actions of Defendants.

24. Defendants deny as untrue the allegations at paragraph 24 of Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint and by way of affirmative defenses, Defendants state:

1. Plaintiff's claims are barred in whole or in part by the doctrines of governmental, sovereign, individual, and/or qualified immunity, or other immunities as recognized by applicable law.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. This court lacks subject matter jurisdiction over Plaintiff's state law claim.

4. Plaintiff has failed to state a claim upon which relief may be granted.

5. There exists no genuine issue or dispute as to any material fact in this matter and Defendants are entitled to judgment as a matter of law.

6. Defendants reserve the right to add additional affirmative defenses or to amend these affirmative defenses.

OFFICE OF THE VICE-PRESIDENT &
GENERAL COUNSEL
UNIVERSITY OF MICHIGAN

BY: /Debra A. Kowich
DEBRA A. KOWICH P43346
Attorney for Defendants
503 Thompson Street, Room 5010
Ann Arbor, MI 48109-1340
(734) 764-0304

Dated: October 11, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing

to: Kenneth D. Finegood, 29566 Northwestern Hwy., Suite 120, Southfield, MI 48034 (kdfesq44@aol.com); via electronic mail.

OFFICE OF THE VICE-PRESIDENT &
GENERAL COUNSEL
UNIVERSITY OF MICHIGAN

BY:___/Debra A. Kowich____________________
DEBRA A. KOWICH P43346
Attorney for Defendants
503 Thompson Street, Room 5010
Ann Arbor, MI 48109-1340
(734) 764-0304
dkowich@umich.edu

Dated: October 11, 2010